A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2003 FEB 21 P 3: 19

SIGN_____
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**Jerrod A. Wilson**                   **254839**
                                    Inmate (DOC) number

_____

_____          **CV 03-137-C-M3**

(Enter above the full name of each
plaintiff in this action.)

VERSUS

**Lt. Kevin Groom**

**Capt. Billy Orr**

**Asst. Wdn. David Bonnette**

**Wdn. Burl Cain, Sec. Richard Stalder**
(Enter above the full name of each  **Individual and official capacities**
defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint exactly

| INITIALS | DOCKET# |
|----------|---------|
| JWD      | 1       |

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 150.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, <u>DO NOT INCLUDE EXHIBITS</u>.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I.    Previous Lawsuits

A.  Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?  Yes ( ✓ )  No ( )

B.  If your answer to A is yes, describe each lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.  Parties to this previous lawsuit
    Plaintiff(s): _____ Jerrod A. Wilson _____

    Defendant(s): Kevin Groom, Billy Orr, R. Rachel, David Bonnette, Burl Cain and Richard Stalder

2.  Court (if federal court, name the district; if state court, name the parish):
    19th JDC, Middle District Court

3.  Docket number: 19th JDC # 472878 (See Attached Document)

4.  Name of judge to whom case was assigned: R. Morgan, Mag. D. Dalby, Mag. C. Noland

2

Case 3:03-cv-00137-RET   Document 1   02/21/03   Page 2 of 21

Docket numbers: Middle District Court, 00-714-C-M3; 00-945-C-M2; 02-0278-C-M2.

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): **Dismissed without prejudice**

6. Date of filing lawsuit: **March 18, 2002**
7. Date of disposition: **February 6, 2003.**

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
Yes (✓) No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought. **Middle District Cases CA-00-827-MI, 00-CV-0944-M3, CA-N-0059-MI, CA-01-0033-MI, 00-0808-A-M3, See Attached Documents**

II.     Place of present confinement: **La. State Penitentiary, Angola, La. 70712**

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. **A.R.P. LSP-2000-1242**

2. What steps did you take? **Grievance steps.**

3. What was the result? **No relief was given.**

D. If your answer is No, explain why not: **Prison officials attempt to avoid this civil litigation.**

3

Continued Cases Dismissed

Western District Court, CA-97-0292.
Fifth Circuit Court of Appeal, 01-30607, 01-31041, all other
docket numbers are unavailable due to defendants security
are refusing to give me (3) three of my bundles of legal
material.

III. **Parties**

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Jerrod A. Wilson #254839

Address Cuda 3-R-8, La. State Penitentiary, Angola, La. 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant See Attached Documents is employed as

_____ at _____

C. Additional Defendants: See Attached Documents

_____

_____

_____

IV. **Statement of Claim**

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Plaintiff Jerrod Wilson, is a prisoner residing at Louisiana State Penitentiary, Angola Louisiana. He has been confined at all times complained of herein and he is a natural citizen of the United States and the state of Louisiana.

Preliminary Statement

This is a civil rights action filed by Jerrod Wilson, a state prisoner, for damages and injunctive

4

relief under 42 U.S.C. § 1983, alleging cruel and unusual punishment/excessive use of force-by chemical pepper gas mace, deprivation of shower after being maced, unlawfully restraining to an iron bed for (4)-days. Further deprivations as of showers, food, water to drink, clothing, use a toilet/restroom and nor exercise for a period of (4)-days due to being restrained to a iron bed, in violation of the Eighth Amendment to the United States Constitution. Further in violation of breach of contractual obligation Federal consent decree. The failures to intervene/supervise the conditions of Louisiana State Penitentiary, camp-J management program of prisoners confinement in segregation constituted deliberate indifference. The plaintiff also alleges a tort of assault and battery, also negligence causing injuries to plaintiff's head, face, eyes, neck, chest, stomach, arms, back, hands and legs damages, including emotional distress, fright and

shock, embarrassment due to have to letting human waste out while laying restrained to a iron bed, humiliation or mortification.

## Jurisdiction

1. This Court has Jurisdiction over the plaintiff's claims pursuant to 28 U.S.C.A. 1331, 1343, 2201, 2202; 42 U.S.C.A. 1983; Fed. R. Civ. Proc. #65 and 71, to include supplemental jurisdiction 28 U.S.C. § 1367.

2. Pendent jurisdiction is invoked to hold defendants liable pursuant to La. Civ. C.P. Arts. 2315-2324, and for breach of contractual obligation of the Ralph V. Dees, 71-94 (M.D. 1975), Federal consent decree and conditions of confinement which violates plaintiff's state created rights under Article 1, Section 1, 2, 3, 4, 5, 7, 8, 9, 12, 20, 23 and 24, of the Louisiana Constitution of 1974; La. R.S. 28:171 (A)-(5); La. R.S. 15:828-832; La. R.S. 36:404 (A)-4 and (B)-6.

## Parties

3. The plaintiff Jerrod Wilson, is presently incarcerated at Louisiana State Penitentiary, in Angola during the events described in this complaint.

4. Defendants Kevin Groom-lieutenant, Billy Orr-captain, David Bonnette-assistant warden and Burl Cain-warden, are all each correctional officials employed at Louisiana State Penitentiary. They are being sued in their individual and official capacities.

5. Defendant Richard Stalder -secretary, is a appointee official who's to oversee the Department of Public Safety and Corrections. He is being sued in his individual and official capacities.

6. At all times the defendants have acted, and continue to act under color of law, at all times relevant to this complaint.

## Facts

7. On May 19, 1999 App. 9:55 pm Jerrod Wilson-plaintiff was sprayed with chemical pepper gas mace while at Louisiana State Penitentiary, camp-J, Gar 1-right cell #2. (Maced by lieutenant Kevin Groom).

8. Which at the time lieutenant Groom, had a thought that plaintiff Wilson, had Flush contraband down the toilet which was lieutenant Groom's maddly reason why he sprayed mace on plaintiff's side, back and face.

9. Plaintiff then stated to lieutenant Groom, that just because he (plaintiff) Flushed the toilet in the cell is not a good reason to spray mace on him.

10. Plaintiff then informed lieutenant Groom, of a fact no inmate's clothes has nothing to do with a rule violation to where a prison official request for a inmate clothes and that it constitutes cruel and unusal punishment and in part violates Due Process.

11. Plaintiff Following informed lieutenant Groom, and a captain Billy Orr, that as for this four point position they was placing him (plaintiff) in/under was as well as cruel and unusual punishment under the 8th amend. in it's entirely manner, due to his clothes were tooken, then plaintiff hands and legs were restrained outward on the sides of the bunk.

12. Plaintiff remained restrained to the iron bed from May 19, 1999 until May 22, 1999 which he (plaintiff) was deprived of a shower after being maced by lieutenant Groom. Further while he was restrained to the bed he plaintiff was deprived of food, showers, water to drink, clothing, use the toilet which plaintiff had to let out human waste three to four times on the iron bed while he was restrained to the iron bed, and nor was he allowed any exercise until he was unrestrained from the iron bed May 19, 1999.

13. That David Bonnette, as Assistant warden of camp-J, is responsible for the daily operation of the management

program which includes proper supervision of but not limited to the disciplinary reviewboards and the camp-J committee.

14. That Burl Cain, as head warden is responsible for the daily operation of the Louisiana State Penitentiary including the conditions of confinement of prisoners therein. He is the one who promulgated and or approved the L.S.P. directive that allows security to chain plaintiff to the iron bed for four days indefinitely for non-psychiatric or medical conditions upon proper examination and orders by license doctor(s).

15. That Richard Stalder, as secretary of corrections is responsible for establishing all rules and regulations for the disciplining of all prisoners and to provide all them a copy pursuant to La. R.S. 15:829. He is further charge by the state constitution to see that every prisoner is treated in an humane manner under constitutional conditions of confinement. Finally he's charged with not compling with all federal consent decrees and court orders.

16. That the <u>Ralph V. Dees</u>, 71-94 (M.D. 1975), Federal consent decree mandated that any alteration to the disciplinary rules and procedures and the conditions of confinement at Louisiana State Penitentiary in particular extended lockdowns be done in accordance with La.R.S. 49:953 & 954, to which secretary Richard Stalder and warden Burl Cain, has failed to do by implementation of the 1993 disciplinary rule book, The camp-J management program and various L.S.P. directives and policies including but not limited to use of chemical pepper gas mace and chaining to a iron bed.

17. That inmates has been restrained to a iron bed without a disciplinary hearing being held before the assigned assistant warden David Bonnette, May 19, 1999 and thereafter May 22, 1999.

<u>Claims For Relief</u>
18. The actions of defendant Kevin Groom, in using excessive force of spraying chemical pepper gas mace on plaintiff without need or provocation, following to

deprive plaintiff of a shower thereafter spraying mace
on him; then restraining plaintiff to a iron bed which
was from May 19, 1999 up until May 22, 1999 a period
of (4)-days which caused plaintiff deprivation of food,
showers, water to drink, use of the cell toilet and of
exercise were done maliciously and sadistically and
constitutes cruel and unusual punishment deliberate
indifference; and assault an battery under La. R.S. 14:35,
due to the misuse of chemical pepper gas mace spray-
ed on plaintiff and in violation of the Eighth Amend-
ment of the United States Constitution. Further to seize
the plaintiff's T-shirt and undershorts by defendant
Kevin Groom, constitutes deliberate indifference, and
in violation of the Fourth Amendment of the United
States Constitution.

19. The actions of defendant Billy Orr, in failing to take
action over this said mentioned matter with his in part
not allowing plaintiff to take a shower thereafter
knowing plaintiff was illegal sprayed with mace

and assisting defendant Groom, restrain plaintiff to a iron bed without any clothing on the plaintiff. Knowing the plaintiff would be deprived of further showers, food, water to drink, use of the toilet and of exercise were done maliciously and sadistically and constitutes cruel and unusual punishment deliberate indifference in violation of the Eighth Amendment of the United States Constitution.

20. The actions of defendants David Bonnette, Burl Cain and Richard Stalder, failure to supervise/intervening and assuring that plaintiff is being treated in a humane manner, which includes: a shower thereafter being sprayed with chemical pepper gas mace illegally, provide water to drink, provided food to eat, allowed to use the toilet, provided clothing (T-shirt and undershorts) to wear, provided a meaniful and fair disciplinary hearing before any possible penalty may be imposed against plaintiff (restraining plaintiff to an iron bed for (4) days), a continuing pattern

Known thru disciplinary reports of allowing all of the above mentioned are acts of a course of accessory thereto were done maliciously and sadistically and constitutes cruel and unusual punishment deliberate indifference a protected liberty interest violation and constituted the violation of the Eighth Amendment of the United States Constitution. Further failure of the defendants Bonnette, Cain and Stalder, to take disciplinary action against their officer's who violates their own employee's disciplinary rules procedures specifically page 34, (F) as to the highest ranking officer is the one on duty allowed to spray chemical pepper gas mace on an inmate only in emergency situations, which herein duty captain Billy Orr, failed of acti failure also to comply with their contractual obligation of the Ralph V. Dees, supra federal consent decree and conditions of confinement, were done in violation of the Fourteenth Amendment of the United States Constitution.

_____

_____

_____

_____

V.     Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite
no cases or statutes. Attach no exhibits. __A. Issue a declaratory judg-__
__ment stating that:__
__1.) The physical abuse applied on plaintiff, by defendant__
__Kevin Groom, by the use of chemical pepper gas mace__

VI.     Plaintiff's Declaration    _Continue on the next sheet_

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while
I was incarcerated or detained in any facility, I have brought three or more civil actions or
appeals in a court of the United States that were dismissed on the grounds that they were
frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am
in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for
paying the entire filing fee and any costs assessed by the Court, which, after payment of the
partial initial filing fee, shall be deducted from my inmate account by my custodian in
installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court
informed of my whereabouts and failure to do so may result in this action being dismissed
with prejudice.

Signed this __19__ day of __February_____, 200__3__.

_____

__Jerrod A. Wilson__
Signature of plaintiff(s)

5

Continuance page #2 of Relief

and restraining plaintiff to a iron bed violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law La. R.S. 14:35, due to the used mace.

2.) The seizing of plaintiff's T-shirt and undershorts were violated by defendant Kevin Groom, also under the Fourth Amendment to the United States Constitution.

3.) Defendant Billy Orr's, refusal to have plaintiff shower after being maced and assisting defendant Groom, restrain the plaintiff to a iron bed without any clothing violates the plaintiff's rights under the Eighth Amendment to the United States Constitution.

4.) Defendants David Bonnette, Burl Cain and Richard Stalder, failures to take action to curb the abuse of the plaintiff, knowing from past same reports before May

Continuance page #3 of <u>Relief</u>

19, 1999 of use of mace by unauthorized lieutenants; the denial of a disciplinary hearing before the imposing of any possible penalty on the plaintiff such as restraining plaintiff to a iron bed for (4)-days; the deprivation as to the plaintiff's showers, food to eat, water to drink, and to allow plaintiff to be without clothing while restrained for (4)-days constitutes cruel and unusual punishment deliberate indifference as to the mentioned above protected liberty interest and clearly violates the plaintiff's rights under the Eighth Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Burl Cain and Richard Stalder, to:

1.) Comply with the <u>Ralph V. Dees</u>, supra consent decree, alternative new directive (s) by this Court's order.

2.) Have it's employees of La. State Penitentiary record with cam corder the full events of every incident pertaining to disruptive behavior supposedly of the

Continuance page #4 of <u>Relief</u>

prisoners before the use of any force while in a cell;
chemical pepper gas mace on a prisoner. For view of
any outside agent or Court (to be preserved), with a
$1,000.<sup>XX</sup><sub>00</sub> set thereof for any failure to comply.

C. <u>Reward damages</u>

1.) Hold defendants mentioned in declaratory judgment
#4, in contempt and breach of contractual obligation
of the <u>Ralph V. Dees</u>, supra consent decree and
enjoin all rules directive until compliance thereto
as further mandated upon the secretary as recogn-
ized by the Court in <u>Rivera V. La. D.O.C.</u>, et.al 727 So.2d
609 (La. App. 1st cir. 1998), writ denied; #99-0289 _ So.2d _
(La. 3/26/99);

2.) Order an hold to be placed on the Louisiana State
Penitentiary until the matter herein is resolved, and or
otherwise directive by this Court;

3.) Declare all prior, pending and future judgments under
La. R.S. 15:1177, as applied to Federal cause of action

Continuance page #5 of Relief

under 42 U.S.C. 1983 and various state tort laws and enjoin the same;

4.) Certify as cause of action and appoint counsel as indigent in the interest of justice and judicial economy;

5.) Reward attorney fees and or Pro Se;

6.) Trial by jury and judge;

7.) Reasons For:

1. Compensatory damages;
2. Emotional damages;
3. Fright and shock damages;
4. Embarrassment/Humiliation damages;
5. Punitive damages;
6. Breach of contract of Ralph V. Dees, supra consent decree thereof defendants herein;

8.) Reward any and all other monetary and equitable relief that plaintiff is entitled to by law;

9.) Hold that all costs of these proceedings are to be paid for by the defendants.

Respectfully

*Jerrod A. Wilson*
Jerrod A. Wilson #254839

02-19-03